UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LIBERTY MUTUAL INSURANCE CO.,** | 2:19-CV-13811-TGB |
| Plaintiff, | |
| vs. | **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| **UNITED HEALTHCARE, INC.,** | |
| Defendant. | |

Non-party Raymond Eckert has a no-fault insurance policy with Plaintiff Liberty Mutual Insurance Company ("Liberty"). Through his employer, he is also a member of a welfare benefit plan that includes health insurance and is administered by Defendant United HealthCare, Inc. ("United"). Liberty seeks reimbursement from United under state law for benefits it paid to Mr. Eckert after he was involved in a motor vehicle accident. United argues that this action is properly understood as arising under federal law, specifically the Employee Retirement Income Security Act (ERISA), and that Liberty does not have standing under ERISA to sue for any payment. For the reasons that follow, Defendant's Motion for Summary Judgment is **DENIED**.

1

# I.    BACKGROUND

Raymond Eckert was in a motor vehicle accident on January 13, 2015. FAC ¶ 8, ECF No. 5, PageID.45. He filed a claim with his auto insurer, Plaintiff Liberty Mutual, seeking personal injury protection benefits related to the incident. *Id.* at ¶ 10. Plaintiff paid him the claimed benefits, totaling $58,555.51, and subsequently presented a claim to Defendant[1] for reimbursement. *Id.* at ¶ 13. Following Defendant's refusal to pay, Plaintiff filed suit in state court; Defendant removed the lawsuit to this Court based on federal question jurisdiction. ECF No. 1. Plaintiff eventually filed a First Amended Complaint ("FAC"), which is the operative pleading in this matter. ECF No. 5.

After both parties engaged in discovery, Defendant filed this Motion for Summary Judgment. ECF No. 12. The motion is fully briefed, and the Court will decide this matter without oral argument.

# II.    STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact such that the movant is entitled to a judgment as a matter of law." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013);

---

[1] Defendant is the claims administrator for a welfare plan offered to Mr. Eckert through his employer and governed by ERISA. Def.'s Mot. for Summ. J., ECF No. 12, PageID.83.

2

see also Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. The trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, the "nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). The Court must then determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to the trier of fact or whether the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252.

### III. ANALYSIS

Defendant's primary argument is that Plaintiff does not have standing under ERISA to sue and therefore Defendant is entitled to summary judgment. Plaintiff answers that this dispute is governed by Michigan state law, rather than by ERISA, and therefore summary judgment is inappropriate. For the reasons that follow, the Court concludes that a factual question precludes the Court from determining which party is correct.

Employer-provided welfare benefit and retirement plans are governed by ERISA. 29 U.S.C. §§ 1001 *et seq.* Generally, "when the action is to recover benefits, enforce rights or clarify future benefits under an ERISA plan," ERISA completely occupies the field and state law is preempted. 29 U.S.C. § 1144(a); *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001). But under § 1144(b)(6)(A)(i) (commonly known as the ERISA "savings clause"), if a state law "regulates" insurance in a given context, ERISA will *not* preempt that state law. *Progressive Michigan Ins. Co. v. United Wisconsin Life Ins. Co.*, 84 F. Supp. 2d 848, 850 (E.D. Mich. 2000).

In Michigan, M.C.L. § 500.3109a allows a no-fault auto insurance provider to apply deductibles and exclusions from any other health insurance coverage a claimant has to its coverage of claims arising from accidents. In essence, it creates a priority system: when auto and health insurance plans coordinate, it is the "health insurance carrier that is

4

primarily liable." *Allstate Ins. Co. v. Detroit Millmen's Health & Welfare Fund*, 729 F. Supp. 1142, 1144 (E.D. Mich. 1990). "Michigan and federal courts . . . have consistently observed" that M.C.L. § 500.3109a "regulates" coordination of benefits related to insurance and therefore is not preempted by ERISA. *Progressive Michigan,* 84 F. Supp. 2d at 851.

So pursuant to the ERISA "savings clause," M.C.L. § 500.3109a can be applied when there is a conflict between a no-fault auto insurance plan and an ERISA-covered health insurance plan. But ERISA also indicates that ERISA-covered plans that provide insurance coverage *themselves*, rather than through a third-party insurer, are not deemed "insurance companies" for the purposes of state laws regulating insurance. 29 U.S.C. § 1144(b)(2)(B); *Lincoln Mut. Cas. Co. v. Lectron Prod., Inc., Emp. Health Ben. Plan*, 970 F.2d 206, 209-10 (6th Cir. 1992). This "deemer clause" provision means that *self-funded* ERISA plans are not subject to state statutes such as M.C.L. § 500.3109a, while *insured* plans are. *Progressive Michigan*, 84 F. Supp. 2d at 851-52 (citing *FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990)); *see also Citizens Ins. Co. of Am. v. Am. Med. Sec., Inc.*, 92 F. Supp. 2d 663, 671 (W.D. Mich. 2000) (collecting cases finding that fully insured ERISA plans are subject to state law regulation).

Defendant's arguments are primarily about whether Plaintiff has standing to bring this case under ERISA, with the underlying assumption that ERISA, not state law, is the governing legal framework in this case. But whether ERISA or state law governs depends on

applying the preemption, savings, and deemer clauses describe above to the existing facts. And here, a key fact needed to apply those clauses is whether Defendant's ERISA plan is self-funded or insured. Neither party includes the text of their benefit plan policies as exhibits to their briefing, but Plaintiff includes an email from insurance agent Kim Traxler asserting that the plan in question is "a fully funded PPO plan" and "not a self-funded ERISA Plan." Ex. A, ECF No. 14, PageID.109. Defendant does not respond to this exhibit; indeed, it does not address in any way whether its plan is self-funded or insured. Plaintiff has therefore raised a genuine issue of material fact that prevents the Court from conclusively deciding the legal question of whether M.C.L. § 500.3109a applies in this case or whether it is preempted by ERISA. The arguments that form the basis of Defendant's motion cannot be ruled on as a matter of law.

## CONCLUSION

For all the reasons set out above, Defendant's Motion for Summary Judgment (ECF No. 12) is **DENIED**.

DATED this 22nd day of September, 2021.

BY THE COURT:


/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

6